# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GREE, INC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:19-CV-00161-JRG-RSP |
| | § | |
| SUPERCELL OY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Objection to Report and Recommendation ("the Objection") filed by Defendant Supercell Oy ("Supercell"). (Dkt. No. 60). In the Objection, Supercell argues that the Magistrate Judge erred in entering a Report and Recommendation ("R&R") (Dkt. No. 58), which recommended denying the Motion to Dismiss filed by Supercell (Dkt. No. 25). Plaintiff GREE, Inc. ("GREE") has filed a response to Supercell's Objection ("the Response"). (Dkt. No. 62).

Having considered the briefing addressed to Supercell's Motion to Dismiss as well as the R&R, Supercell's Objection, GREE's Response, and the totality of the record, the Court concludes that Supercell's Objection is without merit for the reasons stated within the R&R. Further, as an independent basis for adopting the Magistrate Judge's R&R, the Court finds that Supercell has failed to meet its burden to show that the claims discussed in the Motion to Dismiss are representative of the remaining claims in the Asserted Patents as to the issue of patent-eligible subject matter.

### I. Factual and Procedural Background

In its First Amended Complaint ("the Complaint") (Dkt. No. 10), GREE alleges that Supercell infringes U.S. Patent No. 10,286,318 ("the '318 Patent") and U.S. Patent No. 10,279,262

("the '262 Patent") (collectively, "the Asserted Patents"). In its Motion to Dismiss, Supercell asks the Court to invalidate *every* claim in both Asserted Patents, as lacking patent-eligible subject matter, based solely on an analysis of the first claim in each Asserted Patent—Claim 1 of the '318 Patent as well as Claim 1 of the '262 Patent ("the Allegedly Representative Claims"). Supercell acknowledges that "[t]he '318 [P]atent contains thirteen claims, three of which are independent" and that "[t]he '262 [P]atent contains 24 claims, four of which are independent." (Dkt. No. 25 at 2). For the reasons set forth herein, the Court finds that Supercell has failed to meet its burden to demonstrate that the two claims discussed in the Motion to Dismiss are representative of all of the remaining ***thirty-five*** claims contained in the two Asserted Patents.

## II. <u>Legal Standard</u>

Each claim in a patent is presumed independently valid. *PPS Data, LLC v. Jack Henry & Assocs., Inc.*, 404 F. Supp. 3d 1021, 1030 (E.D. Tex. 2019) (citing 35 U.S.C. § 282). Accordingly, "when a defendant seeks to invalidate multiple claims based only on allegations relating to a subset of those claims, the defendant must justify treating that subset as representative of the other claims." *Id.* (citing *Aqua Prod., Inc. v. Matal*, 872 F.3d 1290, 1305 (Fed. Cir. 2017); 35 U.S.C. § 282(a)). "The party asserting invalidity may overcome the presumption of independent validity by offering a substantial rationale for treating a claim as representative of other asserted claims." *Id.* However, "a claim is not representative merely because it generally deals with the same subject matter as the other asserted claims" or "simply because it is an independent claim" from which other claims depend. *Id.* at 1031 (citing *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1337 (Fed. Cir. 2016); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018), *cert. denied*, No. 18-415, 2020 WL 129532 (U.S. Jan. 13, 2020)). Further, "[i]n general, claims in one patent will not represent claims in another patent because patents must contain distinct inventions." *Id.* (citing

*Novartis Pharm. Corp. v. Breckenridge Pharm. Inc.*, 909 F.3d 1355, 1362 (Fed. Cir. 2018)) ("Since different patents must generally contain patentably distinct inventions, it follows that the claims in one patent will not usually represent all of the inventive concepts embodied in the claims of another patent."). Instead, "to meet its burden, the defendant must conduct an analysis tethered to the claim language" of each claim for which a determination of invalidity is sought, and must demonstrate "that there are no legally relevant distinctions between the claim identified as representative and the remaining asserted claims." *Id.* at 1030–31 (citing *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161, 1168 (Fed. Cir. 2019)).

When a defendant meets its initial burden and "has proven a prima facie case demonstrating representativeness, the burden shifts to the plaintiff to identify limitations that are present in the asserted claims but that are not represented by the allegedly representative claim." *Id.* at 1031–32. "[I]f the plaintiff identifies legally distinctive limitations, then any claims which contain those limitations are excluded from the scope of the relief sought by the defendant and must be distinctively addressed, typically in supplemental motion practice." *Id.* at 1032 (citing *Berkheimer*, 881 F.3d at 1365; *MaxLinear, Inc. v. CF CRESPE LLC*, 880 F.3d 1373, 1377 (Fed. Cir. 2018)).

### III. Discussion

In this case, Supercell has failed to meet its burden to demonstrate representativeness.[1] Supercell analyzes only one claim in each of the Asserted Patents as a stand-in for a cumulative total of thirty-five other claims. Specifically, Supercell analyzes Claim 1 of the '318 Patent as well as Claim 1 of the '262 Patent ("the Allegedly Representative Claims"). However, Supercell's Motion to Dismiss does not adequately address the issue of representativeness. For example,

---

[1] Since Supercell has failed to meet its initial burden, the Court need not—and does not—reach whether GREE has identified "legally distinctive limitations." *See PPS Data*, 404 F. Supp. 3d at 1036. Under the relevant burden-shifting framework, the burden only shifts to GREE to identify such limitations after Supercell had made its initial showing. *See id.*

3

Supercell does not explain why either claim is representative, which claims are represented thereby, or how the Court could conclude that "there are no legally relevant distinctions" between the two claims Supercell discusses and the remaining thirty-five claims. *See PPS Data*, 404 F. Supp. 3d at 1036.

Supercell claims that GREE has admitted in the Complaint that the Allegedly Representative Claims are "representative" for all purposes. (Dkt. No. 25 at 3–4). However, a review of the Complaint reveals that such is not the case. The Complaint does discuss representativeness, but it does so exclusively in context of its infringement allegations. Specifically, the Complaint indicates that the Allegedly Representative Claims are representative of GREE's infringement theories with regard to the manner in which Supercell's products allegedly infringe. (*See, e.g.*, Dkt. No. 10 ¶¶ 24, 26, 40). The surrounding context confirms that the Complaint's discussion of the Allegedly Representative Claims was addressed only to infringement. After expressly indicating that the "infringement theories presented below are exemplary," under two headers labeled "infringement," the Complaint describes how Supercell's products meet each limitation of each of the Allegedly Representative Claims. (*See id.*) Given that context, the Complaint cannot be fairly read to say that the Allegedly Representative Claims are representative in ***any*** context or ***for all purposes***. As this Court has previously recognized:

> The distinctions which are legally relevant will vary based on the context in which representativeness is evaluated. For example, distinctions which are legally relevant to an indefiniteness challenge—but irrelevant to a subject-matter eligibility challenge—will not preclude the court from relying on a representative claim in the eligibility context. Accordingly, a claim which may be representative in context of one dispute may not be representative in context of another.

*PPS Data*, 404 F. Supp. 3d at 1031 n.5 (citing *MaxLinear*, 880 F.3d at 1377).

A statement that a claim is representative for purposes of infringement—without more—is insufficient to show that a claim is representative for purposes of invalidity under 35 U.S.C. §

101. *See id.* This is because the representativeness inquiry with respect to infringement is different and distinct from the inquiry with respect to validity under 35 U.S.C. § 101. An infringement analysis compares the asserted claims to an accused product or method, and focuses on whether the accused product or method meets each limitation of the asserted claims. *See, e.g.*, *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1287–88 (Fed. Cir. 2010) ("As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; ***the only proper comparison is with the claims of the patent***." (quoting *Zenith Labs. v. Bristol–Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994)) (emphasis added)). Since a product might infringe several inventively distinct claims in the same way, a single claim may be representative of the plaintiff's infringement theory without being representative of each inventively distinct limitation contained in the remaining claims.

In contrast to infringement, a determination related to patent-eligible subject matter requires an entirely different analysis. For example, to determine eligibility, the Court must examine whether the claims capture an "inventive concept," and must compare that inventive concept to the universe of prior art to determine whether the claims merely involve activity that was "well-understood, routine and conventional" from the perspective of "a skilled artisan in the relevant field" at the time of patenting. *PPS Data*, 404 F. Supp. 3d at 1040 (quoting *Berkheimer*, 881 F.3d at 1368). Since the eligibility comparison is between the claims and the prior art, rather than the claims and an accused product, the representativeness analysis for infringement does not automatically overlap with the representativeness analysis for eligibility.

In this case, the Complaint plainly indicates that GREE's discussion of representativeness was directed to the issue of infringement, rather than eligibility. Neither GREE's statement itself

5

nor any surrounding context suggest that GREE was discussing any issues underlying eligibility, such as the existence of an inventive concept, or the degree to which limitations were disseminated in the art. Accordingly, the Court finds that the Complaint's discussion of representativeness was limited to infringement.[2] Since GREE's Complaint only stated the Allegedly Representative Claims as representative *for purposes of infringement*, that statement—without more—is insufficient to show that such claims are representative for purposes of the eligibility inquiry. Other than claiming that GREE's statement extends beyond infringement, Supercell makes no argument that there is a basis to find the two claims discussed are representative for purposes of patent-eligible subject matter. As a result, Supercell has failed to demonstrate that the Allegedly Representative Claims are appropriately representative for purposes of evaluating the eligibility of the remaining thirty-five claims in the Asserted Patents. For that reason, Supercell's Motion to Dismiss must be denied.

### IV. Conclusion

In view of the foregoing analysis as well as the other reasoning set forth in the Magistrate Judge's R&R, the Court finds that Supercell's Objection is without merit. Accordingly, the Court **ORDERS** that the Magistrate Judge's R&R (Dkt. No. 58) is hereby **ADOPTED** and the Motion to Dismiss (Dkt. No. 25) is **DENIED**.

---

[2] Nothing in this Order precludes parties from agreeing that certain claims are representative. Indeed, "[i]n many patent cases, 'the parties agree to treat a claim as representative' in order to crystalize and streamline the relevant disputes for resolution by the court." *PPS Data*, 404 F. Supp. 3d at 1029 (quoting *Berkheimer*, 881 F.3d at 1365). The problem in this case is that Supercell is offering an apples-to-oranges comparison—comparing infringement to eligibility.

6

**So ORDERED and SIGNED this 29th day of January, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE