**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GREE, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:19-cv-00161-JRG-RSP |
| SUPERCELL OY, | § § § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER**

Before the Court is the Motion for Leave to Amend P.R. 3-3 Invalidity Contentions ("Motion"), filed by Defendant Supercell Oy ("Supercell"). Dkt. No. 116. Within the Motion, Supercell asks for either an order holding that its amended invalidity contentions were properly served under Paragraph 3(a)(ii) of the Discovery Order or, in the alternative, for leave to amend pursuant to Patent Rule 3-6. After consideration, the Court finds that Supercell properly served its amended invalidity contentions under Paragraph 3(a)(ii) of the Discovery Order and therefore, **GRANTS** Supercell's Motion.

Plaintiff GREE, Inc. ("GREE") served its infringement contentions on September 18, 2019. *See* Dkt. No. 43. Supercell served its invalidity contentions on December 6, 2019. *See* Dkt. No. 116-1 at ¶ 10. On February 18, 2020, GREE moved to amend its infringement contentions in accordance with Paragraph 3(a)(i) of the Discovery Order. Dkt. No. 73. Although Supercell opposed the request, the Court granted it. Dkt. No. 87. GREE then served its amended infringement contentions with source code citations on March 2 and 4, 2020. *See* Dkt. No. 116-1 at ¶¶ 11–12. Supercell served its amended invalidity contentions, Dkt. Nos. 116-2–116-5, on April 3, 2020. *See id*. at ¶ 5. GREE objected to the amendment as not permitted by the Discovery Order. Accordingly,

Supercell filed this Motion, seeking to add prior versions of its accused games as invalidating prior art.

The relevant portion of the Discovery Order states:

**3. Additional Disclosures.** Without awaiting a discovery request, each party will make the following disclosures to every other party:
(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:
  **i.** If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.
  **ii.** If a party claiming patent infringement exercises the provisions of paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

Dkt. No. 48 at ¶ 3(a).[1]

GREE "does not object to an appropriate amendment to invalidity contentions" pursuant to the Discovery Order. Dkt. No. 124 at 6. However, it contends Supercell's amendment is inappropriate since it tries to add three new prior art references, which is beyond "those claim elements identified as software limitations." *Id*. (quoting Dkt. No. 48 at ¶ 3(a)(ii)). GREE also makes the argument that it "did not rely on paragraph 3(a)(i) to delay service" of its infringement contentions "on the grounds that the claims involve 'software limitations.'" *Id*. at 7.

GREE's arguments fail. First, it is unclear what GREE means when it states it did not rely on the software limitations portion of Paragraph 3(a)(i) of the Discovery Order. GREE seems to argue that this provision does not apply because it did not identify any limitations as software

---

[1] The parties stipulated that each party would have 37 days, instead of 30 days, to comply with this rule. *Id*. at 9–10.

limitations. However, as GREE itself admits, GREE relied on Paragraph 3(a)(i) when requesting leave to amend its infringement contentions. *Id*. at 4; *see also* Dkt. No. 73 at 1. This remains true even if leave to amend was granted for other reasons as well. Thus, GREE exercised the provisions of Paragraph 3(a)(i) when it relied on Paragraph 3(a)(i) to seek leave to amend and was later granted leave. Since GREE exercised the provisions of Paragraph 3(a)(i), Supercell was granted a right amend its invalidity contentions without leave as outlined in Paragraph 3(a)(ii).[2]

Second, GREE's argument that Supercell's amendment was beyond the scope of the Discovery Order fails. Prior art is rarely directed to a single limitation. Therefore, the scope of a prior art reference will not be arbitrarily limited as long as it is responsive to the amendments to the infringement contentions. This is not to suggest that prior art can never be limited. However, the party claiming patent infringement must provide reasoning beyond a generic argument that the supplemental reference reads on more of the claim elements than those amended under Paragraph 3(a)(1).

Here, it is undisputed that the new prior art references added by Supercell are responsive to many of the limitations of the asserted claims. Therefore, their addition is proper unless GREE can explain why the amendment should not be allowed. The reasons GREE provides are not persuasive. One reason is that Supercell's amended invalidity contentions are beyond the scope of GREE's amendments. As addressed above, this is insufficient to preclude allowance of the amendment by itself. Furthermore, GREE did not identify which limitations were software limitations so it is unclear if GREE's assertion is correct. Another reason is that Supercell should have known about the prior art references and their applicability to this matter. While Supercell

---

[2] GREE also argues that this amendment should not be granted since "Supercell was not diligent in seeking to amend its invalidity contentions." Dkt. No. 124 at 5. Since Supercell had a right to amend, it did not need to seek leave to amend. Indeed, this dispute could have been brought as a motion to strike by the party claiming patent infringement.

certainly should have known about its own games, Supercell credibly explains that GREE's amendment forced it to reevaluate its defense and, for the first time, anticipate needing the proposed references based on what it believed was a change in GREE's infringement theory. Most of the other reasons provided by GREE are speculative. The deadline to complete fact discovery is not until late July. *See* Dkt. No. 114 at 3. Thus, GREE will have time to investigate the references and raise any issues as they occur.

Accordingly, Supercell's Motion is granted, and this Court finds Supercell's amended invalidity contentions were properly served under Paragraph 3(a)(ii) of the Discovery Order.

**SIGNED this 25th day of June, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE